Good morning. May it please the Court, my name is Philip Robinson and I represent the out-of-state servicemember appellants who were subjected to Maryland judicial proceedings and transactions when Maryland lacked jurisdiction over them. There was no or little due process and Maryland failed to comply with the mandatory statutory and protection required by all courts including Maryland State Courts. In sum, the appellants had no contacts with Maryland. They didn't live in Maryland, they didn't work in Maryland, they didn't have property in Maryland. They were, Mr. Riley, Mr. DeVenis and Mrs. Rouse were stationed in Hawaii, North Carolina and Texas while in the Army and their families were with them. Their spouses are also protected under the SCRA. Notwithstanding these facts, Maryland claimed to have jurisdiction when none existed. Under the SCRA, all Maryland courts are required, quote, in any civil action or proceeding, end quote, before entering a judgment to require the presentation of an SCRA affidavit if the defendants are a military service as the appellants were here. Can I just stop you? I have some confusion about how all this works and I want to let you get the argument but I want to make sure I understand what we've got. You just mentioned the civil action in the SCRA. I'm trying to figure out what was the civil action here. Is that the sort of what I'll call the sort of enrolling of the domestication, if you will, in light of the foreign judgment? Thank you for the question, Your Honor. The SCRA does cover civil actions and transactions. That's in the phrase. Here, what happens procedurally is Mr. LeMay presented what appeared to be but were not valid judgments. They were not entitled to... I know you want to make arguments. I want to try to understand how it works first before you get to the... I know they're not valid judgments. I know all of that. Help me understand how it works first and then make your argument. When he files it with the affidavit, that's the action. He didn't file it with the affidavit but... He filed it with the affidavit required by the Maryland statute, not the SCRA affidavit. There's an affidavit required under the Maryland domestication statute. Correct. He files that affidavit. He files the judgment and that's the action. That's the action and proceeding. Then we go... That's done pursuant to the state statute. Then we go to the rule, which is 3645. This is the writ of garnishment rule. Right? Yes, sir. That ruling says that you can get a writ by filing, quote, in the same action in which the judgment was entered. Yes, sir. Are you tracking me? In that sentence, in the rule, what is the action there? In the action there, it could be the underlying case. If it was a case that started in state court, it could also be in this case. I'm talking about this case. Once the foreign judgment is enrolled under the Foreign Judgment Act in Maryland, it becomes effectively a Maryland judgment and that action. When I'm reading 3645 and it says you can get a writ by filing in the same action in which the judgment was entered, the action is the one where the foreign judgment was filed and the judgment was entered is the domestication of that judgment. Correct. When that foreign judgment is entered, it's assigned a case number, so it's all filed within the same... That's part of the action. Within the same case number. I think you agree with all this. I'm just making sure that I understand it. The SCRA applies to that initial enrolling or domestication of the judgment. When you show up with the affidavit and the foreign judgment, the SCRA requires what I'll call the military affidavit separate from the domestication affidavit to be filed at that time. That's our position, Your Honor. That's in place with the definition at section 39119. All right. Now, with that background, tell me why you have standing to sue the justices because the justices don't enact the statute for domestication. They enact the rule, but the rule is all downstream. It seems like you agree that the SCRA requires the affidavit to be filed under the statutory scheme. The rule, which is necessarily downstream, which is the writ of garnishment, operates in a world where the SCRA should have already been complied with because it should have been done at the initial filing of the foreign judgment. None of your problem is with the rule. It's with the statute. I don't see why we're suing the justices. Your Honor, we're suing all of the officials that were named and the proposed ones to be named in their official capacities against the state. The only people we've got here are the justices, right? Who do we have before us that's not the justices? The governor and we have in our proposed second amended complaint, we have the administrative judge for Garrett County, which is Western Maryland, and Anne Arundel County, and the administrative clerk for Garrett County. We can break these apart, but start with the justices for me, right? That's the point of the rule being a problem. How do you have traceability with respect to the justices? Maybe start there. Well, there's two sets of claims that are on appeal that we've preserved. One is declaratory judgment claim where we're challenging the regime and we outline not only the rule that you've pointed to, the garnishment rule, but the other And so we are seeking in this case a declaration that they don't comply in those instances with the SCRA, just as they did with our clients. There was no compliance with the SCRA. So again, your injury, maybe start with this in standing. I don't want to take all your time, but I want to give you an opportunity to address this, because otherwise this could be rather short. What is your injury? Article three, what is your injury? Was the freezing of your assets, your client's assets? The damages that are alleged, and then before the court, that's in the records. I'm not asking about your damages. I'm asking about your article three injury. And they overlap with the injury. So the general that apply to each of the three families are the loss of the use of their money, while their funds were garnished, and in one family's case the funds were taken. They suffered emotional distress damage as a result of having a foreign jurisdiction assert jurisdiction over them when it lacked jurisdiction. It effectively accepted a judgment, damaged to their credit, and in this context, and it's detailed in the papers before the court and in the record, that they had to explain to their command structure why this Maryland court was asserting a judgment against them. Tell me why those injuries trace back to actions taken by the justices. For traceability, why do they trace back to an action taken by the justice? What is the connection that you're alleging for article three standing? And I didn't finish the list, but I'd like to just so it's clear. You can choose not to answer the question or you can choose to answer. Either one's good by me, but what I'd love for you to do is tell me why it traces back. The justices are named in their official capacities as the ones who enforce Maryland laws that are subject to this and Maryland rules. They're named there only in their official capacity, and typically in an official capacity suit, the state is the right party. We candidly, I admitted in our briefing, maybe, there's never been a case like this before that I know of. Nobody cited one to the court. And candidly, maybe the state was the proper party. We sought leave in the second amended complaint because we had a cascading series of defenses, not a defense based on article one standing, which I'm happy to address and can be addressed at any time, and I'm attempting to do that in the best of my ability. The last damage, that the two damages and injury that occurred here was my clients incurred legal fees to defend those state court actions when Maryland had no jurisdiction, and they also asserted claims for nominal damages, which under the Uzzabadan, I'm not going to pronounce it right, but Uzzabadnam case, Justice Thomas wrote, nominal damages are enough for article three jurisdiction. The injury, not for traceability, right? So tell me why it is you think the justices, as you say, enforcement of Maryland laws, can you put anything more on that other than just generally the chief justice rides around enforcing Maryland laws? Is there anything you can tell me that the justices have done or do that has caused any of the injuries, traced to any of the injuries that you have just identified? Well, the justices have, and the governor has, and the local administrative judges and clerks have, a duty to comply with all Maryland law, I'm sorry, with the federal law. The justices, and we cite the NRA matter out of the Malui case, recently removed a judge from the bench who did not act in a manner which complied with the law. So they have ultimate, we're not saying they're individually, personally responsible. I thought your theory, I thought the district said this, that your theory is that the justices should have promulgated rules that would have brought this system into compliance with the SCRA. Was that not your theory? That is a theory upon which they could have mitigated the damages. They could have settled the case. But here, we're talking about enforcement. I think that's sort of your answer to Judge Richardson, that the tracing, the traceability is that your whole theory, whether it works or not, but your theory of the case was the justices are to blame for this because they should have, but didn't, promulgate a rule of civil procedure for Maryland that would have put this whole system into compliance with the SCRA. And ensure that the local judges... And they could have done that. That is one way, and that gets us to a problem of legislative immunity. Should they have promulgated a rule that complied? And so I think my response is they have a role and responsibility named in their official capacity to make sure that the Maryland courts enforce federal law, which is supreme law of the land. Under the Maryland Constitution, it's recognized and they waived any immunity. So that's our traceability there. Yeah, but the thing, Judge Harris must have read my mind, I wouldn't say anything. It's the promulgation of it is your theory, right? It's a legislative-type aspect of it, too. Because they oversee in terms of promulgating it, right? They have committees and they get the final approval, whether or not... That's all true, Judge Gregory. I mean, I think it's very important in your case, but you know your case better than I do. But when my good friend and colleague, Judge Richardson, asked that question about traceability, I think that's a big part of it, the promulgation aspect of the legislative thing. I guess we'll get into it, maybe, dealing with it, because that's what the district court said. He said, I found no... There's a double negative. There was no non-legislative and no non-judicial action that caused your... That's involved here, and that's why in terms of... That was a big part of the ruling, wasn't it? That was a big part of the ruling below. I didn't have a response to that. Well, what is your response to that? Well, I think as to the declaratory judgment, I don't think there can be immunity for legislative... This is an omission case. The theory is they omitted under the Maryland scheme, enforceability of the SCRA, which is supreme. And so, again, we only name them in their official capacities, but we've also identified those local judges and clerks. The state's position and response is no one, absolutely no one, although they admit that all state court officials have to enforce the supreme law of the land. They argue that neither even the local judges or local administrative clerks, named in their official capacities, which is basically a suit against the state, have any issue. If Maryland, in this case, had required... And the local courts have required the presentation of that affidavit. And the affidavit showed that the service members were active duty, which they all were, and their spouses were entitled to the same protections. Then, before enrolling that judgment to become an effective Maryland judgment, they would have had to appoint counsel. And we know what happened here. Would it have sufficed... This is the omission scheme. If the Supreme Court had issued a rule that says members of the judiciary in Maryland must follow federal law, would that have sufficed? Would that... There would be no omission then. I don't think that rules actually need a judge registration because it's in the state constitution already. It's in the supreme law of the land. So then the question is, right, that's where I was going next. So what then was omitted, right? Does any judge not know that they're required to comply with federal constitutional law or federal statutory commands that govern them? They're presumed to know the law. They're presumed... They're required under judicial canons, and that's out of the Malawi case. What did the Supreme... What was the Supreme Court, in your view, then required to do? What did they fail to promulgate? Or what did they omit given that every judge is presumed to know that they cannot ignore the federal constitution or federal statutory commands that govern their conduct? What was omitted? There's an omission in the process to ensuring that this enrollment of a foreign judgment and thereafter the immediate enforcement of the foreign judgment through the garnishments comply with the SCRA. I think it's footnote 12 of our opening brief. The Supreme Court has a rule that recognized that SCRA affidavits at some moments in time become stale, and there needs to be a new one filed. Different proceeding that's not before this court, but the staleness was there. And if I may indulge and go into my rebuttal time in a minute. I won't take your rebuttal time. Go ahead. These are all really important questions, and this is a case of first impression. The Supreme Court justices were named in their official capacities. If the court is going to take an Article I view that we don't have jurisdiction, then the proper remedy would be, I think, dismissal without prejudice as to the justices. And that gets us back to we sought leave below to cure some of these perceived arguments. The state didn't raise an Article I argument. You're talking about Article III. I'm sorry, Article III. I just want to make sure I'm not misinterpreting. I'm totally good. Judge Richardson, you know why I have Article I in my head? Because Article I gives vast all military powers to Congress. And the state here through its process of omission is exercising authority to ignore that and to interfere with that federal policy. That's our core crux SCRA claim. And by claiming we don't have to do anything or omitting to ensure that there's proper enforcement by the state courts, which are all supervised by the state Supreme Court justices. But be that as it may, if they're dismissed under Article III theory, that would be without prejudice. And we'd be back to where we were at below, which was adding in the administrative judge and the administrative clerk for each of the local courts, which gets us to the same issues that are before the court, we think, in our appeal here. By and large, this case rises and falls under Torres. And this court in the Jackson Creek case recently, the 11th Circuit Williams case, you know, recognized in Torres and those other two cases recognized that the rights here, the protections here are categorical. The Maryland, whether it's through its state court system, doesn't have the right to ignore the rights and protections that Congress made mandatory in 2003. But that's what happened here. Now, whether we have named the right party, whether we have Article III standing against the justices or the governor or the local, it seems the argument from Maryland is none of them are responsible. No one. And that can't be how this traceability. I'm not sure who else we can name other than those individuals. You did have an action against Mr. LeMay. Am I remembering it right? I mean, it seems like the obvious person you would sue is the person who registered these judgments. We did sue Mr. LeMay. And Mr. LeMay is not responsible to appoint counsel. The state is. That's what the law says. Mr. LeMay was responsible was the state was supposed to require Mr. LeMay to present that SCRA affidavit that's fundamental and basic to almost every transaction that I've ever been involved with. And the state didn't require him to do that. And he testified, and that's in the record in the Anne Arundel County proceeding, why, and the question was essentially why did you come to Maryland? He said because Texas wouldn't let me enforce this judgment. Now, just to be clear, just to sum up on the facts, most, there's not really a lot of factual issues in this case, but it's a little strange when I other people about it. This case involves two judgments that Mr. LeMay presented on a piece of paper. They said judgment. They were not. They had been vacated. So they weren't valid judgments. They were certified by a state court. He got a piece of paper that said judgment on it. It was certified record from a state court, but that didn't make it a valid judgment because the subsequent order had vacated it. So it's, in essence, a default situation. The third one, Mr. and Mrs. Rouse had been presented from a jurisdiction in Nevada where they had no jurisdiction over them. They lived in Hawaii. So there's sort of a problem there, and that one's essentially, I think, voidable under the law. But none of the three were enforceable. Had an attorney been appointed, as required by the SCRA, that attorney would have seen what I've seen. How does Maryland even have jurisdiction over these people and could have addressed it before the cascading of errors that occurred. And Mr. LeMay was permitted by the Maryland court to get a subpoena for confidential service member financial records from a foreign corporation. He was permitted by the Maryland state courts to get multiple garnishments. He was permitted to seize monies and execute on those garnishments. And all of that could have been stopped and prevented, but for the omission of the enforcement of the SCRA by the Maryland courts. Unless there's any questions, I'll rest for whatever time I don't have for rebuttal. Oh, you have rebuttal time. Mr. Robertson, thank you. Mr. Cox. Good morning. May it please the court. Kevin Cox on behalf of Appalese, the Governor of Maryland, and the Chief Justice and Justices of the Supreme Court of Maryland. This case presents a challenge to the structure and operation of not only Maryland's judicial system, but all the judicial systems of the 50 states and the federal judicial system, based on alleged violations of the Service Members Civil Relief Act, otherwise known as the SCRA. The district court correctly dismissed the claims against the governor, granted summary judgment to the justices, and denied leave to amend a second time because amendment would be futile. We respectfully urge this court to affirm. The primary issue before this court is whether the governor and the justices can be held liable under the SCRA for alleged violations of the SCRA occurring in the state district court. The federal district court correctly held they could not be liable. That is, the court correctly held that the justices have legislative immunity for the acts alleged, which is the only alleged violation of the SCRA, which was their failure to enforce the act, through enactment of the provisions with respect to the collection of judgments in Maryland, as opposed to obtaining default judgments in Maryland. Can you just help me? I have a hard time. I understand the district court below made an effort to distinguish Graham. Can you help me sort of understand why when you sue an official capacity for damages, which is what they've done here, that the state only gets sovereign immunity, but not the individual immunities that would otherwise apply? I get this question doesn't come up a lot because sovereign immunity generally applies, but we obviously, as your colleague referenced, we got our Article I different issue here, and so we don't have sovereign immunity, but I have an impossible time so far understanding how an official capacity suit for damages, we apply individual immunities. I think the answer is directly in consumer's union, your honor. All right, so help me understand why that is, because consumer's union is not a damages case, right? This is the ex parte young idea that you can enjoin the state officials from taking action, and it's a fiction. We all sort of recognize it's a fiction at a certain level, but we can do that, and that's why Graham doesn't matter there because that's a suit for injunctive relief, not for damages. Well, mostly, your honor, I think the circuits and several circuits have examined consumer's union almost directly on that issue because it's Section 1988 and attorney's fees were issued in consumer union, and the idea... Yeah, but that's it. So that's a different line, right? So they get to attorney's fees, and what the Supreme Court says in the attorney's fees section is that they shouldn't have awarded attorney's fees because you didn't prevail, right? This is just like an attorney's fees line. You didn't prevail on the argument that the district court based the attorney's fees award on. That is the promulgation of rules, right? Not that it wasn't permissible, right? It just says that you didn't prevail there, and there might well have been attorney's fees in some other context, right? So I guess I have a hard time understanding the attorney's fees argument too. Well, I think it's the idea of when their personal immunities... Sorry. If it's an official capacity claim, it's going to be a claim against the state. Essentially, you're going after the purse of the state. And in consumer's union, it was very clear that the Supreme Court cut off a claim against the Supreme Court of Virginia for a claim of attorney's fees, which would essentially say you can't get public money for something that the underlying official would have legislated. Does it turn on that for you? So in other words, if I read consumer's union to say instead, you don't get attorney's fees because you failed to meet the statutory requirement, that it would be an abuse of discretion. Not that there's a structural problem, but it'd just be an abuse of discretion to award attorney's fees to the justices and not the bar for something that the justices were not found to be responsible for. Right? I mean, that's just like an attorney's fees case. That doesn't go to Graham's point at all, it doesn't seem like to me. Well, not so much whether it's an abuse of discretion. I think it's an overarching principle. But the Supreme Court says that it's an abuse of discretion, right? It doesn't say that there's some other issue. What it says is there's an abuse of discretion to have awarded fees. I think what the Supreme Court was saying there in the circuits that have looked at the official capacity, applying legislative immunity to official capacity claims implicit in those decisions, and these cases are identified in the district court opinion, they're identified in the briefing. I think it's the first, the second, the third, the 11th, and even the 6th and the 7th circuits have applied these official capacity, the personal immunity of legislative immunity to official capacity claims against the state, and I think implicit in that, and the district court- Court damages, is your argument. Those, our argument absolutely is, Your Honor, is that it would apply- Those cases don't do that. Those cases do not, it's, you have to parse through the language to determine that they're taking the principles of consumer's union, and they actually say, I think it's the Scott case, Your Honor, which is identified in the district court opinion- It does say at the end, it's inconsistent with everything else Scott says, but at the end, it has a dicta line that supports the argument. You're absolutely correct, Your Honor, and you're going to be hard-pressed, and I think it's just intuitive to our system, and that's what the district court essentially got to. The district court couldn't identify case law saying that the damages portion for the immunity would then flow to the state explicitly. I think the district court found it to be implicit in consumer's union. In these cases, use the 1988- Back up a hair. I mean, it is a little bit odd, because in lots of other, I mean, we think about qualified immunity as one of these personal immunities, right? We all know that if you sue the Monell, if you sue the actual entity, the municipal entity doesn't get the benefit of that personal immunity. We instead analyze that under Monell, and there's a whole set of questions, but they don't get the personal immunity that the officer is entitled to. This seems like the same basic structure. It seems like to me that this is like the move that we're making is that where you're seeking those damages, which is Monell, you rise and fall based on Monell's requirements, but you don't get qualified immunity. When we say that over and over again, that's a personal immunity. It only applies when you're seeking damages against the officer, not the municipality. Is that the same context that we've got? Close, your honor, except that you hit the nail in the head by using the word municipalities. None of those cases, and I'm familiar with the cases you're referring to, absolutely, but I'm not aware of any against the state. That's totally right, because the state has sovereign immunity, and the municipality doesn't have sovereign immunity. You know who doesn't have sovereign immunity here? You. You don't get sovereign immunity. You are like a municipality, because you lack sovereign immunity under the plan of states. Normally, you're right. You would have sovereign immunity, and that's why this doesn't come up, but you are like a municipality here. You stand with no sovereign immunity. You agree with that, don't you? You'd have to concede that. I don't, your honor. I don't concede that we do not have sovereign immunity here, and absolutely, I know what you're referring to. You're referring to the TOR's opinion, and we did not brief that. We briefed it below. That argument was briefed below. We did not bring that. Before this court, of whether sovereign immunity was waived for SCRA claims. For our purposes, that means you've conceded it. For our purposes. I understand you could go to some other case and argue it, but not here. That is exactly what I meant by that, your honor. So what is the other distinction in the Monell qualified immunity context? Because you're like a municipality. You don't have sovereign immunity. Tell me why you should get the, just like conceptually, bracket for a minute, what I think is your argument of consumer's union. Why conceptually would you get the individual immunities of a police officer or a justice? Absolutely, your honor. The district court struggled with this. For example, there's some quotes from the language. I'd identify for page 15, for example. Or I'm sorry, head note 15. But the court starts by saying, to bar the invocation of individual immunities, then would be subject the state to suit over conduct for which its officers would be individually immune. The court is unaware of a prior instance in which a private party was permitted to recover damages from the state over an affirmatively harmful law or judgment, much less an insufficiently protective one. But that's Monell, right? The example that the district court judge should have said is, where that happens is the numerous cases we have where officers are entitled to qualified immunity, and the municipality is still responsible under Monell, because they don't get the individual immunity. If that's the case, then you have every legislator and every judge, and let's focus on judges here, justices, for example. Every time they would rule in a case, they would have to worry about, can the state be sued for damages for my ruling in this case? Because under the appellant's theory here- They wouldn't, because they wouldn't have adverseness there. And so I don't think it'd be a problem there, but maybe. But that's not my job, right? My job is to sort of say, do you get the individual immunity as the state? Sorry, I'm taking up too much of your time. Oh, no. No, absolutely. I'm happy to answer any and all questions, Your Honor. And you mentioned, I think, adversity. And I'd like to use the term traceability earlier. And I think that's really what this case falls back on. And Judge Harris and Judge Gregory, you were asking questions about this to appellant's counsel. What is the claim here? Let's just put aside, Your Honor, Judge Richardson, if we put aside the legislative immunity discussion, they still, appellants have still not identified any act that the justices took or the governor took or could have taken other than just promulgating rules or enacting statutes. And the idea, take their argument to its most logical conclusion, no statute or rule had to be enacted. The argument is the SCRA is the law of the land. It controls here. So no statute, no rule needed to even be enacted. And in reality, their claim then would be, and this is as the district court finally pointed out in its second opinion, it seems like their claim really is against the individual judges ruling in their case or the clerks. And I think that is what they're trying to stay away from due to obvious judicial immunity. Well, do you agree that Maryland stands in the shoes of Nevada and Texas in terms of it can't be any greater power than they had? Otherwise, full faith and credit is the origin of that, right? You come to a state and they enforce foreign judgments. But whatever power that Nevada had in Texas, Maryland can't have greater power over that in Jesuit. Can you agree with that? I think full faith and credit would be equal power. Equal power, right? And part of that, it has to subordinate itself to Article I in terms of protection of service members. And that is, you're supposed to get an affidavit to say that whether or not a member, in terms of defendant in this collection case or whatever recovery, is not a member of the service member. And if they are, then appoint them counsel. And you agree that Nevada should have and was required to do that. You agree with that? Nevada was required under the SCR because that was the default judgment stage. Right. And then if you took full faith and credit of that, then how do you absorb yourself of that responsibility? Otherwise, it's like maybe no good deed goes unpunished in the sense that aren't you also required to make sure those assertions, because otherwise you could frustrate Congress. This was consistent with the original interpretation of the Constitution itself. When it comes to Article I, that's why you don't have sovereign immunity. And you couldn't just give this to somebody else and say, oh, they have qualified immunity as judges. They can do what they want to do. Because that's what I think goes down to Judge Richardson's question. How are you now trying to assert individual immunities to get around what you don't have sovereign immunity yourself for? Because that's what you basically say. You should have promulgated that. You take these foreign judgments. You have to do exactly what it says. Get an affidavit. Was there an affidavit? That should have been in their record. It should have been attached to it. And if it's not there, why are you going to take these service people's funds and their families being frustrated? And that's what Congress said. That's what the Supreme Court said. That's what Congress said. These men and women are fighting on the reserve to protect our country. And they should not be worried about these things and domestic judgments on their families and suffering. That was important. That's very important. So Maryland, how did they just get away? They said, well, we'll just give a writ of garnishment. But we don't have to do those things to protect service members. Your Honor, I have several answers to I think your question. It starts with not promulgating the record. I mean, I'm very familiar with Sooners Union and that case. But it starts with not promulgating requirements that you do that. And so I just want to make sure you're asking me to explain why we didn't have to promulgate such rules? No, no, no. Why are you not responsible? You can't use legislative and judicial immunity, because they're not suited in their individual capacity. It's their official capacity. You can't use that to shield it, can you? The responsibility of the state can't even shield themselves. So how can someone under the state acting on their behalf shield them from it? Let me start, I guess, with the initial premise with your question. Is that your premise is that the SCRA would apply to the collection proceedings in another state, in which case the SCRA would control, if that's what you're saying. That's right. There'd be no need for rules under your premise. There would be a need for rules, because if you had the rules, they would know that. All the lower courts below the Supreme Court would know that. The courts, just like our federal courts, we have a judicial conference. They promulgate rules and things like that. That involves our operations as well. Well, let me start by addressing your premise. Is our argument, as the court's well aware from our briefing, is that the district court did not agree with that. So it's in the alternative. Is that the SCRA does not, the requirements for an affidavit and appointment of counsel do not apply in the collection phase of actions? Judge Richardson was asking earlier, and this is part of the briefing, about whether those requirements apply to civil actions, proceedings, judgments. All that happens when a judgment's enrolled into another state. This goes to your question too, Judge Gregory, is that it's not on the clerk's ministerial duties to look up the case in the originating state. What comes with that is a triple seal document, an affidavit, affirming that this is a true judgment. What you have here is a case. Judge Gregory's question made me just wonder. The full faith and credit requires Maryland to take the judgment from Nevada. And we all, I think, agree that in Nevada, the court should have complied with the SCRA. Why wouldn't Maryland, you haven't made this argument, but why wouldn't Maryland be entitled to rely on that? So part of taking the full faith and credit of another state is the belief that they complied with due process, for example, in getting that judgment. That they complied with basic notions of judicial engagement. And it seems like to me that they complied with other federal laws. They're standing in the stead of Nevada. I guess, I'm not sure why that matters, but it seems a little odd. That's kind of our argument, Your Honor. But it's really, our argument is in response to Appellant's argument that then the SCRA must apply again to the collection phase. And this case is a case of bad facts, us not wanting bad facts to make bad law. And that's what's happened here with the creditor, who's a bad actor, George LeMay, where he received these judgments and then enrolled them in Maryland. There was no reason for Maryland or any of the other 49 states to question these judgments when they came in. They're entitled to full faith and credit. And that just means that entitles enforcement in Maryland under the Maryland rules on that. Our position is that the SCRA's affidavit and appointment of counsel requirements do not apply to the collection phase of that. And if you think about that, that makes sense. If this was still in the same action, if this was in Nevada, if this was in Texas, why would it make sense after the judgment was obtained, the very next day or that day, if the attorneys went to obtain, the creditor's attorneys went to obtain writs of garnishment, why would they then have to then get a new affidavit and appoint new counsel? That would not make any sense. That's why there's a separate provision of the SCRA for collection of judgments, which is 3934. Can I just, I tracked that argument with some care, and I didn't see you responding to the district court's reasoning on this point, because you make a really good point about these two separate provisions, and 3934, that's the one that covers the enforcement or execution of judgments and garnishments, and breaks out garnishments separately from  But the district court says, no, there must be an affidavit requirement, because it allows for sua sponte dismissal, because there's a service person involved. But unless there's an affidavit requirement, how would the court sua sponte ever know to do that? Do you have a response to that? Yes, and may I request just time to answer, Your Honor? I see my time. Thank you, Your Honor. You're absolutely right. The district court identified kind of the loophole here that is created by this situation. Again, this just falls back to, you don't want bad facts. Well, it's not so much a loophole, right? You're trying to construe a statute, and it just seems like the drafters of this statute must have assumed the affidavit requirement in 3931 would also apply to 3934. Because otherwise, like half of that provision, the sua sponte vacature, I think it is, provision can't do any work. Like, it just becomes superfluous. I think, in reality, this argument, and the district court kind of addressed this as well, because no one cited true authority on this, Your Honor, is this is just a pure, plain reading, statutory interpretation of the statutes. And in response to your question, typically, and our view is that because this applies to default judgments, these cases, the SCRA, when Congress was writing the SCRA, they had the default judgment in their mind, sort of to Judge Gregory's questions earlier, they're not thinking ahead to enrollment years later, enrolling foreign judgments, collections years later, they're thinking about the normal process. And you have to sit down and really take a step and think about how typically debtor-creditor cases work. Normally, you have a debt, you sue on it if it's not paid, you get the judgment, and you start to collect on it right away. So the court would have that information, because theoretically, most would be in the same jurisdiction in that same case. And that's why the statute is written the way it is. Now, that's our argument. Can I provide you any definitive case law on that? That's perfectly.  Good answer. Thank you. It's an interesting question. I suppose, obviously, our court, we have to opine and come to a decision in this case. But ultimately, it's one, I don't know, maybe the Supreme Court will have to decide one day in the sense that, because think about, you talk about bad facts, but if that's the law, you could easily just get against service people, because you know they're out of the country many times. They're employed in the service of our country, and their families are here, and sometimes other places. But you get a judgment, and then you didn't do the affidavit, and then you can just take it to another state, and they don't have to do anything. They just go ahead and just freeze your assets, take them, and everything. Say, well, we just will give them credit. It's a judgment. I mean, it would encourage it. It becomes a roadmap for doing an opinion like that. But it wouldn't, right? Because that's what you're saying, we're Maryland, you know, we just go ahead, we just give it to God. We don't care who it is. We got a judgment. It was a judgment that was void. Oh, this is the worst one. This one's like nuclear, because not only was it didn't do the right thing to get it, but Nevada and Texas had corrected their error, and Maryland went along and just did it, and she said, now it's nobody's responsibility. You're exactly right, Judge Gregory. This is a bad actor, and no other state does it the way appellants would like it, the way you described it. All the research, the district court, the appellants, the appellees, no one's found another state that interprets the SCRA, even Washington, the Sprinkle case, which is identified and briefed heavily in the briefs, Washington didn't even go back, that I'm aware of, go back and update its rules to make sure that for collection proceedings or foreign judgments, that then the SCRA is complied with. So even the federal courts do not do it this way. That goes to our statutory interpretation argument, which is that it's not meant to apply this way. But let's just say it is, Your Honor. There's a built-in safety net. You can sue the bad actors, and that's what they did here, and they received six times over, six times more than what the judgments were obtained against them. That is their remedy, and should be their sole remedy here. Can I ask you just one more question about your statutory construction argument? Absolutely. Do you have a view on whether, we have case law saying we do a liberal construction of the statute, which is similar to the pro-veteran canon that the Supreme Court applies in cases like this. Do you have a view about how that applies here? Sorry, I just want to make sure I understand the question, Your Honor, if you have. If the statute's at all ambiguous, we're supposed to err in favor of the service person, take a liberal construction of the SCRA. How does that factor in? Our argument is the statute, the way we read it, is clear.  Thank you, counsel. Thank you, Your Honor. Mr. Robertson, you have some time reserved. Let me make clear for the record that I and my clients are not comfortable naming any judge in this case, but my clients and I have the firm conviction that the mandatory requirements in the SCRA need to be complied with. Can I ask you to sort of address your colleague's statutory construction argument? Because I do find this very difficult. The garnishment writ has to be a judgment within the meaning of 3931 for your reading to be right. But then 3934 clearly breaks out judgments and garnishments as two separate things. So how do I read these two provisions together so that a judgment includes a garnishment if in a close to neighboring provision, Congress seems to think they're two different things? But Congress has a statutory definition. So it starts and ends at the statutory definition. It doesn't because I'm telling you, why doesn't the fact that 3934 refers separately to judgments and garnishments? Why isn't that very good evidence that I need to read that statutory definition of judgment to exclude garnishment? Whatever else it does, it obviously can't include garnishment or that word becomes completely superfluous over in section 3934. Judge Harris, that's an excellent question. So let me, this was part of my introduction that I didn't get through when I got sidetracked. But let me just, I'm not going to leave the definition because the definition doesn't just say any judgment, any decree, any order or ruling. It only says final or temporary. Okay. So you just think the word garnishment in 3934 is completely superfluous. I want to apply that now to the four different types of judgments that are here. The registration we think qualifies under that definition. The issuance, the next thing is Mr. LeMay requests a writ and it's issued by the local court. We think that fits squarely within the definition. Then there's a judgment on the garnishment. So Mr. and Mrs. DeVenis' case, there was one of the garnishees held monies held that they had for them and there was a judgment of garnishment. So that's like a third different variation here. And then in Mr. and Mrs. Riley's situation, there was a subpoena issued. So I think there's sort of a distinction when you, if you look at it that way, and of course we're just applying the definition and Your Honor, I get that you have some uncomfortableness with one of those four. But it can't apply to all of those four, that uncomfortableness. And we think if you're reading it liberally, which is the Supreme Court said back to the 40s that this statute and its predecessor should be read liberally. We think it construes and it fits squarely here. At each of those steps, had they asked for the SCRA affidavit and my clients and it came back that they were active duty, the writs wouldn't have issued, the garnishment judgment wouldn't have issued, the subpoena wouldn't have issued because a lawyer would have been appointed and a lawyer just like me would have looked at this and said, how does Maryland have jurisdiction over these non-resident service members? And I could have raised the objections before any of those occurrences, those judgments or garnishments occurred. And we think under the plan of convention waiver that the Supreme Court articulated in Torres, which we raised in our opening brief, and the state has consistently in this case not addressed or sought to avoid or say that it's silent controls. Here we have individual defendants, whether they're properly named or not, and we sought leave to add the local judges and administrative clerks. They can't assert their immunity defenses and otherwise that would only interfere under Torres with the Article I powers that Congress has in the Navy Army clauses. So we'd ask the court to reverse the judgments below and we think the record is pretty clear as to liability since the state didn't follow the law, our clients are entitled to a judgment of liability and we sought that below and we sought that in our briefing here and we appreciate the court's consideration of these candidly complex questions that have never been before any other court. This has never occurred anywhere else. No other state has opened its courthouse doors to allow this to happen. Shouldn't happen again. Thank you. Thank you, Mr. Robinson. And thank you, Mr. Cox. I will ask the clerk to adjourn the court for today until tomorrow morning and then we'll come down and greet counsel. This honorable court stands adjourned until tomorrow morning at 8.30. God save the United States and this honorable court.
judges: Roger L. Gregory, Pamela A. Harris, Julius N. Richardson